**IN THE UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF TENNESSEE**

In re

DEANNE ELIZABETH VINSANT

Debtor

Case No. 3:15-bk-30175-SHB

MELDRUM AND KAREN C. GRAY

Plaintiffs

v.

Adv. Proc. No. 3:15-ap-3011-SHB

DEANNE ELIZABETH VINSANT

Defendant

**MEMORANDUM ON
MOTION FOR SUMMARY JUDGMENT**

**APPEARANCES**:   TARPY, COX, FLEISHMAN & LEVEILLE, PLLC
   T. Lynn Tarpy, Esq.
   1111 Northshore Drive
   Landmark Tower North
   Knoxville, Tennessee 37919
   Attorneys for Plaintiffs

   BANKS & JONES
   Brent S. Snyder, Esq.
   Matthew D. Hall, Esq.
   2125 Middlebrook Pike
   Knoxville, Tennessee 37921
   Attorneys for Defendant

**SUZANNE H. BAUKNIGHT
UNITED STATES BANKRUPTCY JUDGE**

Plaintiffs filed a Complaint on April 15, 2015, asking the Court to apply 11 U.S.C. § 523(a)(2) and (4) to determine that the default judgment Plaintiffs obtained against Defendant in state court is nondischargeable or, in the alternative, to award Plaintiffs a nondischargeable judgment for compensatory damages, attorneys' fees, and either punitive damages or treble damages pursuant to the Tennessee Consumer Protection Act.  Plaintiffs now seek summary judgment, arguing that the issues were previously litigated by the state court when it awarded the default judgment against Defendant for monies obtained through false pretenses, false representation, and actual fraud, and that the default judgment should be given collateral estoppel effect, entitling Plaintiffs to a determination that the default judgment is nondischargeable as a matter of law under 11 U.S.C. § 523(a)(2)(A).  Because, however, the default judgment does not actually address and, thus, is not dispositive of the § 523(a)(2)(A) elements, summary judgment is not appropriate.

In support of the Motion for Summary Judgment, Plaintiffs filed a memorandum of law and other supporting documents, including the required statement of undisputed material facts [Doc. 27], the Affidavit of Chris Ralls [Doc. 25-1], and the Judgment resolving *Meldrum Gray & Karen C. Gray v. Deanne Vinsant*, Docket No. CV-4073 ("Vinsant Suit"), entered on January 21, 2015, in the General Sessions Court for Blount County, Tennessee ("Default Judgment") [Doc. 25-2].  Defendant timely responded to the Motion by filing a memorandum of law, as amended, and the required response to Plaintiffs' statement of undisputed material facts, as amended, attaching thereto the Affidavit of Deanne Vinsant [Doc. 31-1].  In addition to the documents filed by the parties, pursuant to Rule 201 of the Federal Rules of Evidence, the Court takes judicial notice of undisputed facts of record in Defendant's bankruptcy case.  This is a core proceeding.  28 U.S.C. § 157(b)(2)(I).

1

## I. Facts

The following facts are not in dispute. On January 25, 2011, the parties entered into an agreement for Remax to be Plaintiffs' leasing agent. [Doc. 27 at ¶ 2; Doc. 31 at ¶ 2.] Acting as Remax's agent, Defendant found prospective tenants for Plaintiffs' property, Lloyd and Lisa Phinney, and presented Plaintiffs with an executed lease between the Phinneys and herself with a monthly rental of $675.00. [Doc. 27 at ¶¶ 3, 5; Doc. 31 at ¶¶ 3, 5.] Defendant advised Plaintiffs that Ms. Phinney had become delinquent in her rent, and a lawsuit styled *Meldrum Gray and Deanne Vinsant v. Lisa Phinney*, Docket No. CV-3790 ("Phinney Suit"), was filed in the Blount County General Sessions Court. [Doc. 27 at ¶ 7; Doc. 31 at ¶ 7.] At Defendant's request, Plaintiffs attended court on October 8, 2014, to pursue a judgment against Ms. Phinney. [Doc. 27 at ¶ 8; Doc. 31 at ¶ 8.] At the October 8 hearing, Ms. Phinney presented a lease agreement showing Amanda Clausen as landlord and signed by the Phinneys as tenants, which differed from the lease agreement Defendant provided to Plaintiffs showing that Remax, through Defendant, had leased the property to the Phinneys on February 11, 2011. [Doc. 27 at ¶¶ 10-11; Doc. 31 at ¶¶ 10-11.] Plaintiffs subsequently spoke with Harold Brown, a broker for Remax, who examined his records and determined that Remax had not leased Plaintiffs' property. [Doc. 27 at ¶ 20; Doc. 31 at ¶ 20.]

The hearing on the Phinney Suit was continued to November 5, 2014, at which Plaintiffs' attorney, Chris Ralls, served the warrant commencing the Vinsant Suit on Ms. Phinney and Defendant; however, Plaintiffs agreed to dismiss Ms. Phinney from the Vinsant Suit after examining evidence she had produced. [Doc. 27 at ¶¶ 17-18; Doc. 31 at ¶¶ 17-18.] With respect to Defendant, the hearing on the Vinsant Suit was scheduled for November 26, 2014. [Doc. 27 at ¶ 18; Doc. 31 at ¶ 18.] At Defendant's request and by agreement between Plaintiffs and David

2

Boyd, who had been identified by Defendant as the attorney with whom she had made an appointment, the hearing was continued from November 26, 2014, to January 21, 2015, to allow Defendant to hire counsel. [Doc. 27 at ¶ 21; Doc. 31 at ¶ 21.] Neither Defendant nor any attorney on behalf of Defendant appeared at the hearing on January 21, 2015, and the General Sessions Court judge heard evidence and awarded Plaintiffs a judgment[1] against Defendant in the amount of $12,977.00 as compensatory damages and $10,000.00 as punitive damages. [Doc. 27 at ¶ 23; Doc. 31 at ¶ 23; Doc. 25-2.] On that same day,[2] Debtor filed the Voluntary Petition commencing her Chapter 7 bankruptcy case. [Doc. 27 at ¶ 1; Doc. 31 at ¶ 1.]

## II.  Summary Judgment Standard

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law[,]" utilizing the following procedures:

(1) *Supporting Factual Positions*.  A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

(A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

(B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

(2) *Objection That a Fact Is Not Supported by Admissible Evidence*.  A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.

---

[1] Plaintiffs and Defendant refer to the judgment as a default judgment, although the judgment itself does not reflect that it is a default judgment. [Doc. 26 at pp. 4-6; Doc. 31 at ¶ 23; Doc. 25-2.]

[2] Although neither party has specifically noted it, it appears from the record that the state-court hearing began in the morning [Doc. 25-1 at p. 15] and the petition was filed at 2:43 P.M. [Doc. 1 ENF].

>(3) ***Materials Not Cited***.  The court need consider only the cited materials, but it may consider other materials in the record.
>
>(4) ***Affidavits or Declarations***.  An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

Fed. R. Civ. P. 56(c) (applicable in adversary proceedings through Rule 7056 of the Federal Rules of Bankruptcy Procedure).  The Court does not weigh the evidence to determine the truth of the matter asserted when deciding a motion for summary judgment but simply determines whether a genuine issue for trial exists.  *See Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 249 (1986).  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.*

Plaintiffs, as movants, bear the burden of proving that summary judgment is appropriate by establishing that there is no genuine dispute concerning any material fact, such that the defenses alleged are factually unsupported.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).  Once a plaintiff has met the initial burden, the burden then shifts to the defendant to prove that there is a genuine dispute of material fact for trial, although a defendant may not rely solely on allegations or denials contained in the pleadings. *See Nye v. CSX Transp., Inc*., 437 F.3d 556, 563 (6th Cir. 2006) (holding that reliance upon a "mere scintilla of evidence in support of the nonmoving party will not be sufficient."); *see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp*.,475 U.S. 574, 586 (1986).  The facts and all resulting inferences are viewed in a light most favorable to Defendant, and the Court must decide whether "the evidence presents a sufficient disagreement to require submission to a [fact-finder] or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 243.  Nevertheless, when

"the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587 (citations omitted).

Were there no Default Judgment, summary judgment unquestionably would be denied on this record because material facts, including intent, are disputed by Defendant; however, Plaintiffs seek summary judgment solely on the doctrine of collateral estoppel, arguing that the issue of whether Defendant obtained Plaintiffs' monies through false pretense, false representation, and actual fraud has already been litigated on the merits and, therefore, cannot be re-litigated. This Court, thus, must determine whether the Default Judgment was founded on the elements required for a nondischargeability claim under 11 U.S.C. § 523(a)(2)(A). Based on the record, the Court finds that Plaintiffs are not entitled to summary judgment as a matter of law.

### III. Analysis

Debtors may not receive a discharge from debts for money obtained by false pretenses, false representations, or actual fraud. 11 U.S.C. § 523(a)(2)(A). To satisfy § 523(a)(2)(A)'s requirements, Plaintiffs must prove that Defendant obtained money from or belonging to Plaintiffs through material misrepresentations that Defendant knew were false or were made with gross recklessness, that Defendant intended to deceive Plaintiffs, that Plaintiffs justifiably relied on Defendant's false representations, and that Plaintiffs' reliance was the proximate cause of their losses. *McDonald v. Morgan (In re Morgan)*, 415 B.R. 644, 649 (Bankr. E.D. Tenn. 2009). In support of their request for summary judgment, Plaintiffs argue that there is no genuine dispute as to any material facts because the Blount County General Sessions Court already litigated the issue whether Defendant obtained money by false pretenses, false representations, or actual fraud.

As applied in Tennessee, the doctrine of collateral estoppel "bars the same parties or their privies from re-litigating in a later proceeding legal or factual issues that were actually raised and necessarily determined in an earlier proceeding . . . [so] that [such] determination is conclusive against the parties in subsequent proceedings . . . ." *Mullins v. State*, 294 S.W.3d 529, 534 (Tenn. 2009). Collateral estoppel applies "to issues of law and to issues of fact." *Gibson v. Trant*, 58 S.W.3d 103, 113 (Tenn. 2001); *see also Booth v. Kirk*, 381 S.W.2d 312, 315 (Tenn. Ct. App. 1963) ("[M]aterial facts or questions which were in issue in a former action and were there admitted or judicially determined, are conclusively settled by a judgment rendered therein, and . . . such facts or questions become res judicata and may not again be litigated in a subsequent action between the same parties." (citation omitted)). Specifically, the doctrine of collateral estoppel requires proof:

> (1) that the issue sought to be precluded is identical to an issue decided in an earlier proceeding; (2) that the issue sought to be precluded was actually raised, litigated, and decided on the merits in the earlier proceeding; (3) that the judgment in the earlier proceeding has become final; (4) that the party against whom collateral estoppel is asserted was a party or is in privity with a party to the earlier proceeding; and (5) that the party against whom collateral estoppel is asserted had a full and fair opportunity in the earlier proceeding to contest the issue now sought to be precluded.

*Mullins*, 294 S.W.3d at 535. The party asserting collateral estoppel bears "the burden of proving that the issue was, in fact, determined in a prior suit between the same parties and that the issue's determination was necessary to the judgment." *Dickerson v. Godfrey*, 825 S.W.2d 692, 695 (Tenn. 1992).

> When a party invokes the doctrine of collateral estoppel, the court must first identify the legal or factual issues that were decided in the earlier proceeding. Then the court must identify the issue or issues sought to be precluded in the later proceeding. Finally, the court must determine whether the issue or issues sought to be precluded in the later proceeding are the same as the issue or issues that were actually decided in the earlier proceeding. *For the doctrine of collateral estoppel to apply, the issue or issues sought to be precluded in the later*

6

> *proceeding must be identical, not merely similar, to the issue or issues decided in the earlier proceeding.*

*Mullins*, 294 S.W.3d at 536 (emphasis added) (citing *Patton v. Estate of Upchurch*, 242 S.W.3d 781, 787 (Tenn. Ct. App. 2007)).

Here, there is no question that Plaintiffs have established the third, fourth, and fifth elements from the *Mullins* decision: the Default Judgment, which was entered on January 21, 2015, and not appealed, is a final order; Defendant was a party in the Vinsant Suit; and Defendant had a full and fair opportunity to defend the Vinsant Suit. The same, however, cannot be said for the first two requirements: the issue to be precluded must be identical to the issue decided in the Vinsant Suit and the issue was actually raised, litigated, and decided on its merits. Based on the record here, the Court finds that Plaintiffs have not satisfied their burden of establishing that the doctrine of collateral estoppel applies because the evidence does not establish that the state court actually litigated or necessarily determined the elements of a claim under 11 U.S.C. § 523(a)(2)(A) – that Defendant obtained money, property, or services through material misrepresentations she knew were false or made with gross recklessness; that Defendant intended to deceive Plaintiffs; that Plaintiffs justifiably relied on Defendant's false representations; and that Plaintiffs' reliance was the proximate cause of their losses. *In re Morgan*, 415 B.R. at 649.

"The necessity requirement . . . ensures that preclusive effect is not given to determinations that did not 'receive close judicial attention[.]'" *SunTrust Bank v. Bennett (In re Bennett)*, 517 B.R. 95, 103-04 (Bankr. M.D. Tenn. 2014) (quoting *Jean Alexander Cosmetics, Inc. v. L'Oreal USA, Inc.*, 458 F.3d 244, 251 (3d Cir. 2006)); *see also Mullins*, 294 S.W.3d at 535 ("Determinations of an issue or issues that are not necessary to a judgment have the characteristics of dicta and will not be given preclusive effect."). It also prevents unfairness that

7

would be caused by "saddl[ing] a party with preclusive effect regarding a finding not receiving close judicial attention or that was merely incidental, collateral or nonessential to the judgment." *In re Bennett*, 517 B.R. at 104.

Section 523(a)(2)(A) encompasses false pretenses, a false representation, or actual fraud. The record reflects only that the Default Judgment was awarded on the allegations set out by Plaintiffs in their initial Civil Warrant for "[r]ent and other damages pursuant to a lease agreement as to both Defendants, and for punitive damages as to the Defendant Deanne Vinsant for misrepresentation, conversion, and breach of fiduciary duty." [Doc. 25-2.] Other than including an award of punitive damages, the Default Judgment contains no findings of fact or conclusions of law. Of the three potential bases for liability pled in the initial Civil Warrant initiating the Vinsant Suit, because nondischargeability for conversion is actionable under 11 U.S.C. § 523(a)(6)[3] and nondischargeability for a breach of fiduciary duty is encompassed by 11 U.S.C. § 523(a)(4),[4] only their claim for misrepresentation potentially falls within the scope of § 523(a)(2).

Under Tennessee law, three distinct causes of action may be based on misrepresentation: intentional misrepresentation (formerly known as the common-law cause of action "fraud and deceit");[5] strict liability by a seller of chattel for misrepresentation of the chattel's character or quality (as defined by Section 402B of the Restatement (Second) of Torts), which is clearly

---

[3] Conversion is defined under Tennessee law as "the appropriation of another's property to one's own use and benefit, by the exercise of dominion over the property, in defiance of the owner's right to the property." *Ralston v. Hobbs*, 306 S.W.3d 213, 221 (Tenn. Ct. App. 2009). Plaintiffs did not raise 11 U.S.C. § 523(a)(6) as a potential basis for nondischargeability in the Complaint.

[4] Claims based upon breach of fiduciary duty are tort claims under Tennessee law. *Morrison v. Allen*, 338 S.W.3d 417, 454 (Tenn. 2011). Plaintiffs did plead a breach of fiduciary duty under 11 U.S.C. § 523(a)(4) in the Complaint; however, their Motion for Summary Judgment expressly seeks summary judgment only under subsection (a)(2).

[5] "In fact, 'intentional misrepresentation,' 'fraudulent misrepresentation,' and 'fraud' are different names for the same cause of action." *Hodge v. Craig*, 382 S.W.3d 325, 342 (Tenn. 2012).

8

inapplicable in this case; and negligent misrepresentation. *See Hodge v. Craig*, 382 S.W.3d 325, 342 (Tenn. 2012); *Robinson v. Omer*, 952 S.W.2d 423, 426 (Tenn. 1997). Although the elements to prove negligent misrepresentation do not satisfy § 523(a)(2)(A)'s requirement for nondischargeability,[6] the elements for fraud or intentional misrepresentation are substantially similar.

> In order to state a claim for fraud or intentional misrepresentation, a plaintiff must allege facts supporting the following essential elements: (i) the defendant made a representation of an existing or past fact; (ii) the representation was false when made; (iii) the representation was in regard to a material fact; (iv) the false representation was made either knowingly or without belief in its truth or recklessly; (v) plaintiff reasonably relied on the misrepresented material fact; and (vi) plaintiff suffered damage as a result of the misrepresentation.

*Diggs v. LaSalle Nat'l Bank Ass'n*, 387 S.W.3d 559, 564 (Tenn. Ct. App. 2012). As in the case of a party seeking a determination of nondischargeability under § 523(a)(2)(A), the party alleging intentional misrepresentation bears the burden of proving each element. *Id*. Additionally, as required under the Federal Rules of Bankruptcy Procedure, incorporating therein the Federal Rules of Civil Procedure, the Tennessee Rules of Civil Procedure require that all complaints averring fraud state with particularity the circumstances constituting the fraud, although the allegations concerning intent, knowledge, and the defendant's condition of mind may be stated generally. *Compare* Tenn. R. Civ. P. 9.02 *with* Fed. R. Civ. P. 9(b) (application in adversary proceedings pursuant to Fed. R. Bankr. P. 7009).

Because the Civil Warrant simply states that Plaintiffs' action against Defendant is based on ""[r]ent and other damages pursuant to a lease agreement as to both Defendants, and for

---

[6] Under Tennessee law, "the essential elements of a claim for negligent misrepresentation are: (1) the defendant was acting in the course of its business or profession or in a transaction in which it had a pecuniary interest; (2) the defendant supplied faulty information meant to guide others in their business transactions; (3) the defendant failed to exercise reasonable care in obtaining or communicating the information; and (4) the plaintiff justifiably relied upon the information." *Pritchett v. Comas Montgomery Realty & Auction Co., Inc.*, No. M201400583COAR3CV, 2015 WL 1777445, at *3 (Tenn. Ct. App. Apr. 15, 2015).

9

punitive damages as to the Defendant Deanne Vinsant for misrepresentation, conversion, and breach of fiduciary duty" [Doc. 25-2], it fails the test for specificity. Indeed, it fails to state whether the claim is for negligent misrepresentation or intentional misrepresentation, a distinction that is critical in this action. And, given the elements of negligent misrepresentation and the fact that the other claims Plaintiffs listed sound in tort, a reasonable inference from the record would be that Plaintiffs intended to sue Defendant for negligent, not intentional, misrepresentation. In short, Plaintiffs' only stated cause of action on the Civil Warrant that potentially fits within the scope of § 523(a)(2)(A) is misrepresentation; however, without more, including the requisite intent, because it cannot satisfy the elements of § 523(a)(A)(2), the Default Judgment is insufficient to establish collateral estoppel.[7]

Moreover, Plaintiffs have not offered any proof to establish intent, which is a necessary element for nondischargeability under § 523(a)(A)(2). Other than the Default Judgment itself, which clearly does not even allege or aver intent, much less provide any findings of fact or conclusions of law of intent, the only proof offered by Plaintiffs to support their Motion for Summary Judgment was the Affidavit of Chris Ralls, their counsel in the Vinsant Suit, and its attachments. [Doc. 25-1.] With the exception of the Affidavit's first paragraph, which states that Attorney Ralls represented Plaintiffs, and the general statements of public record concerning the Vinsant Suit, such as the scheduled court dates in the Blount County General Sessions Court, the

---

[7] Although not determinative here, the Court recognizes that default judgments generally may satisfy the "actually litigated" standard under Tennessee law, and, in fact, "[a] judgment taken by default is conclusive by way of estoppel in respect to all such matters and facts as are well pleaded and properly raised, and material to the case made by declaration or other pleadings . . . ." *Rally Hill Prods., Inc. v. Bursack (In re Bursack)*, 65 F.3d 51, 54 (6th Cir. 1995) (quoting *Lawhorn v. Welford*, 168 S.W.2d 790, 792 (1943)).

10

Affidavit and attachment consist entirely of inadmissible hearsay.  Accordingly, Mr. Ralls's Affidavit cannot form the basis for granting Plaintiffs summary judgment against Defendant.[8]

Because Plaintiffs cannot rely on collateral estoppel to support their claim that the debt established by the Default Judgment is nondischargeable under § 523(a)(A)(2), and they have failed to meet their burden of proof, based on the record, that there is no genuine dispute as to material facts or that they are entitled to judgment as a matter of law, Plaintiffs' Motion for Summary Judgment is denied.  An Order consistent with this Memorandum will be entered.

FILED:  October 7, 2015

> BY THE COURT
>
> /s/ Suzanne H. Bauknight
>
> SUZANNE H. BAUKNIGHT
> UNITED STATES BANKRUPTCY JUDGE

---

[8] Defendant also submitted an Affidavit in support of her opposition to summary judgment concerning the factual allegations made by Plaintiffs that she forged documents, did not notify Plaintiffs of material facts concerning rental of their property, and did not pay Plaintiffs all monies collected as rents of the property.  Because Plaintiffs did not meet their burden for summary judgment, although considered, Defendant's Affidavit was not determinative.

11